Dated: 7/30/2015

Marian F. Harrison
US Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DAVID KIRKLAND ANDREWS and | ) CASE NO. 3:14-bk-01730 |
| CYNTHIA TALLEY ANDREWS, | ) CHAPTER 11 |
| | ) JUDGE HARRISON |
| Debtors. | ) |

# MEMORANDUM OPINION

Franklin Synergy Bank ("Franklin Synergy") and Heritage Bank & Trust ("Heritage"), creditors and parties in interest in the above-styled case, objected to the Second Amended Plan of Reorganization put forth by David Kirkland Andrews and Cynthia Talley Andrews ("Debtors"). For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a)(1), as incorporated by Fed. R. Bankr. P. 7052, and made applicable by Fed. R. Bankr. P. 9014(c), the Court finds that the Second Amended Plan of Reorganization is unconfirmable.

# I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Plan confirmation is a core proceeding pursuant to 28 U.S.C. § 157(b).

# II. FACTS

David Kirkland Andrews ("Dr. Andrews") and Cynthia Talley Andrews ("Ms. Andrews,") commenced their individual Chapter 11 case on March 1, 2014 (the "Petition Date"). The Debtors' primary source of income is from a dental practice owned by Dr. Andrews, David Andrews, D.D.S., PLLC (the "PLLC").

The Debtors propose in their Second Amended Plan of Reorganization ("Second Amended Plan") that they will contribute new value and retain their assets, including the PLLC. The Debtors' Second Amended Plan has two sources of new value: (1) "Exempt New Value" which is made up of an inherited IRA, estimated value of $84,000, and $20,000 in exempt pre-petition cash; and (2) "Additional New Value" which is made up of the Debtors' "post-closing personal services income in an estimated amount of $1.4 Million." (DE 162, Second Amended Plan, Section IV, E & G).

The Debtors' Second Amended Plan estimates the "Retained Non-Exempt Assets" to be a total of $67,106. This total includes the Debtors' Membership Interest in the PLLC, which the Debtors value at $9,537 if liquidated. However, the Debtors' expert, J. Michael Frazier, C.P.A., testified at the confirmation hearing that the value of the PLLC, if retained by Dr. Andrews, is

$1,250,000. This value was also found in his previous valuation supplied to the Debtors and filed with the Court. (DE 41, p. 5).

### III. DISCUSSION

#### A. ABSOLUTE PRIORITY RULE

The Second Amended Plan attempts to cramdown creditors but fails to satisfy the absolute priority rule. *See* 11 U.S.C. § 1129(b)(2)(B)(ii). Initially, the Debtors argue that the absolute priority rule is not applicable to them because they are individuals rather than holders of a claim or interest. The Sixth Circuit has rejected this position, and this Court has an obligation to follow Sixth Circuit precedent.

The absolute priority rule is applicable in all individual Chapter 11 cases. In *Ice House Am., LLC v. Cardin*, 751 F.3d 734 (6th Cir. 2014), the Sixth Circuit stated that "an individual debtor in Chapter 11 is hit by a double whammy: he must dedicate at least five years' disposable income to the payment of unsecured creditors, and—unlike a debtor in Chapter 13—is also subject to the absolute-priority rule (and thus cannot retain any pre-petition property) if he does not pay those creditors in full." *Id.* at 740.[1]

The Debtors' Second Amended Plan fails to satisfy the absolute priority rule because it allows the Debtors to retain pre-petition assets and does not require the Debtors to pay their

---

[1] As the Sixth Circuit noted in *Ice House*, every Circuit Court to have reached the issue is in agreement. *See In re Lively*, 717 F.3d 406, 410 (5th Cir. 2013); *Dill Oil Co., LLC v. Stephens (In re Stephens)*, 704 F.3d 1279, 1287 (10th Cir. 2013); *In re Maharaj*, 681 F.3d 558, 565 (4th Cir. 2012).

unsecured creditors in full. This, however, does not end the discussion because the Debtors argue that the new value exception applies.

### B. NEW VALUE EXCEPTION

The Debtors argue that if the absolute priority rule is applicable, they meet the new value exception because their new value contribution is "substantial" and "essential." The Court finds that the Debtors fail to meet the requirements of the new value exception.

The new value corollary has three requirements: (1) the new value contribution must be necessary or essential to the success of the debtor, (2) the new value contribution must be in money or money's worth, and (3) the debtor's new value contribution must be "reasonably equivalent" to the value of the assets retained by the debtor. *See Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 121-22, 60 S. Ct. 1, 10 (1939); *Teamsters Nat'l Freight Indus. Negotiating Comm. v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.),* 800 F.2d 581, 588 (6th Cir. 1986) (citation omitted). The adequacy of a new value contribution is a question of fact. *In re Montgomery Apartments of Ingham Cnty, Ltd.,* 141 B.R. 324, 344 (Bankr. S.D. Ohio 1992) (citation omitted). "[T]o accord 'the creditor his full right of priority against the corporate assets' where the debtor is insolvent, the stockholder's participation must be based on a contribution in money or in money's worth, reasonably equivalent in view of all the circumstances to the participation of the stockholder." *Case*, 308 U.S. at 122.

While the Debtors assert that they meet all three requirements, they fail to meet the third. Specifically, the Debtors value their retained non-exempt pre-petition property at $67,106 and their Exempt New Value at $104,000 plus $1.4 million in Additional New Value. Based on these

-4-
Case 3:14-bk-01730   Doc 216   Filed 07/31/15   Entered 07/31/15 07:50:47   Desc Main
Document      Page 4 of 6

amounts, the Debtors' assert that their total new value contribution of approximately $1.5 million is more than reasonably equivalent to the value of the Debtors' retained assets.

First, the Debtors' Additional New Value is not a new value contribution under the new value exception. While the Debtors characterize the $1.4 million as "Additional New Value," it is in reality the Debtors' projected disposable income. Individual Chapter 11 debtors are required to distribute "not less than the projected disposable income of the debtor (as defined in section 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the plan or during the period for which the plan provides payments, whichever is longer." 11 U.S.C. § 1129(a)(15)(B). Thus, the Debtors' "Additional New Value" cannot be considered a new value contribution under the new value exception because they are already required to contribute those funds to the plan.

Second, the Debtors' Exempt New Value is not reasonably equivalent to the retained assets, specifically the value of the PLLC. If the Second Amended Plan were confirmed, the Debtors would continue to maintain and own the PLLC as a going concern. The Debtors' expert valued the PLLC at $1,250,000 if Dr. Andrews retained the PLLC with its goodwill. It is the retained value of the asset, not its liquidation value, which is used to determine if it is reasonably equivalent to the new value contribution. *See Case*, 308 U.S. at 121-22; *U.S. Truck*, 800 F.2d at 588. A new value contribution of approximately $104,000 is not reasonably equivalent to a retained value of $1,250,000. Thus, the Debtors have failed to satisfy the absolute priority rule and do not fall under the new value exception, making their Second Amended Plan unconfirmable.

## IV. CONCLUSION

Accordingly, the Court finds that the Debtors' Second Amended Plan, as stated, cannot be confirmed.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.